# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN V. HERNANDEZ,<br><br>    Petitioner,<br><br>    v.<br><br>RAYMOND D. MADDEN, Warden,<br><br>    Respondent. | Case No.: 1:16-cv-01011-JLT<br><br>ORDER REQUIRING PETITIONER TO SUBMIT AN AMENDED PETITION<br><br>THIRTY DAY DEADLINE<br><br>ORDER DIRECTING CLERK OF THE COURT TO SEND PETITIONER A FORM FOR FILING HABEAS CORPUS PETITION PURSUANT TO 28 U.S.C. § 2254 |

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254 (a). A petition for writ of habeas corpus must specify the grounds for relief. Rule 2(c) of the Rules Governing Section 2254 Cases. The petition must also allege the facts surrounding petitioner's incarceration. 28 U.S.C. § 2242. The petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990); United States v. Poopola, 881 F.2d 811, 812 (9th Cir. 1989). In addition, a petition presented in *pro se* must be submitted upon the form approved by the Court. See Rule 2 of the Rules Governing Section 2254 Cases; Local Rule 81-190  This rule ensures that all necessary information needed is before the Court. Each ground for relief must be **clearly stated** and ***allege what federal constitutional violation has occurred*, *along with providing facts that support the grounds for relief***. If a petition contains no

1

grounds entitling the petitioner to habeas corpus relief, the Court must dismiss the petition. Rule 4 of the Rules Governing Section 2254 Cases.

Here, in the space provided on the habeas form for listing his claims for relief, Petitioner has not listed any claims whatsoever; instead, he has referred the Court to his attachments, which include what appear to be his brief in the California Court of Appeal and a copy of a state habeas petition filed in the Fresno County Superior Court. (Doc. 1) However, Petitioner has not established that the additional claim raised in the state habeas petition has been exhausted in state court, nor has he clearly delineated the claims he wishes to raise in these proceedings by including them on the form provided. Rather, he has left it to this Court to surmise and speculate that he wishes to raise the claims contained in the attached documents.

**The type of filing that simply references attachments requires the Court to expend considerable time and resources attempting to determine which claims petitioner seeks to raise before this Court. It is unreasonable to expect the Court to take on such a task when the responsibility to inform the Court lies solely with Petitioner.[1] The proper use of the form petition results in administrative convenience of benefit to both Petitioner and the Court. Thus, Petitioner will be required to resubmit the form petition once it has been completely filled out as is stated on the form. A petitioner may submit attachments to the form; however, a simple reference to the attached where specific information is required is not acceptable.**

The Court will not permit these proceedings to continue based on surmise and speculation about what Petitioner is or may be contending. It is Petitioner's responsibility to adequately plead his habeas claims in the form provided by the Court, not in a compilation of documents he may choose to attach to the form. Because Petitioner has not clearly set for his grounds for relief, a determination as to whether the claims have been exhausted in the state courts is impossible. In addition to listing his grounds for relief, Petitioner must tell the Court which claims were raised at which court. This information must include the dates of filing and disposition so as to determine whether Petitioner has exhausted his state remedies and is in compliance with the limitations period prescribed by 28 U.S.C.

---

[1] Petitioners are not precluded from submitting attachments or exhibits to the petition; however, the Court will not determine a petitioner's claims for him based solely on his attachments.

§2244(d)(1).[2]  Without this information, the Court cannot proceed to the merits of the petition. Accordingly, the Court ORDERS:

1. The petition for writ of habeas corpus is DISMISSED.  Petitioner is GRANTED 30 days from the date of service of this Order to SUBMIT a FIRST AMENDED PETITION that is in compliance with this Order.

2. The Clerk of the Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **July 16, 2016**                                    **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner should note that a one year period of limitations exists for cases filed pursuant to §2254.  In most cases, the one year limitation period starts to run on the date the California Supreme Court denied petitioner's direct review.  The limitations period is tolled while a properly filed request for post-conviction or other collateral review is pending in state court.  28 U.S.C. § 2244(d)(2).  However, the running of the limitation period is *not tolled* for the time an application for post-conviction or collateral review is pending in *federal* court. Sperling v. White, 30 F. Supp.2d 1246, 1250 (C.D. Cal. 1998).

3